33 F.3d 64
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Larry KEITH, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7001.
 United States Court of Appeals, Federal Circuit.
 Feb. 3, 1994.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 ORDER
 SCHALL, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Larry Keith's appeal for lack of jurisdiction. Keith has not responded.
 
 
 2
 Keith sought service connection for multiple conditions claimed as side-effects of medication taken to treat symptoms of a service-connected disability.* Keith alleged side effects including chest pains, sensitivity of the eyes, muscle tremors, skin rash, and numbness of the extremities. The Board of Veterans Appeals remanded Keith's claim for further development and a medical evaluation, and the Board thereafter affirmed the denial of service connection. The Court of Veterans Appeals vacated the Board's decision concerning the skin rash, sensitivity of the skin and eyes, and vision problems, and remanded those portions of the case to the Board for readjudication. The Court of Veterans Appeals summarily affirmed the denial of "secondary" service connection for chest pains, muscle tremors, and numbness of the extremities. Keith appealed to this court and seeks review of the Court of Veterans Appeals' summary affirmance decision.
 
 
 3
 Under 38 U.S.C. Sec. 7292, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this Court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 4
 In his informal brief, Keith argues that the Board made "errors in their factfinding concerning my illnesses" and that he should be granted service connection because the Court of Veterans Appeals concluded that a portion of the Board's decision was erroneous. Keith challenges only factual determinations and the application of the law to his claim. As this court has no jurisdiction to conduct such an inquiry, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.
 
 
 
 *
 In 1981, Keith was awarded service connection for post-traumatic stress disorder, rated as 30 percent disabling